IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D.  82007915DI |
| | ) | |
| | ) | |
| LEON POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Defendant was convicted in 1983 of murder in the first degree for the stabbing death of Aaron Portlock. Some 31 years later he has brought his first Rule 61 motion. In that motion he alleges:

1. He was indicted under the wrong statute.

2. He was found guilty of felony murder but not found guilty of any underlying felony.

3. The trial court abused its discretion when it allowed his counsel to have a private polygraph examination administered to him.

4. The prosecutor misled the trial court into allowing him to undergo a private polygraph examination.

These claims are procedurally barred because they have been filed too late.

Criminal Rule 61 provides that motions for post-conviction relief must be filed within one year of the date on which the conviction became final. It provides:

> *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[1]

The instant motion was filed more than 30 years after Defendant's conviction became final and is obviously time-barred. Rule 61 contains an exception to the time bar for defendants who can show cause for, and prejudice flowing from, the untimely filing. Defendant makes no such showing in this case.

Rule 61 also exempts from procedural bars instances in which the defendant can:

> (i) plead[ ] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) plead[ ] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[2]

---

[1] Super. Ct. Crim. R. 61(i)(1).
[2] Super. Ct. Crim. 61(d)(2)(i)-(ii).

Again, Defendant makes no such showing. With respect to his claim that he was indicted under the wrong statute, the court notes he was indicted under 11 *Del. C.* § 636 for intentional murder. The evidence was that Defendant stabbed his victim in the back twice, and the jury found him guilty of that offense. It is difficult to see, therefore, how this amounts to an indictment under the wrong statute. With respect to Defendant's complaint that he is not guilty of felony murder, because was not convicted of an underlying felony, the short answer is that he was not prosecuted for, and not convicted of, felony murder.

The remaining claims also do not amount to an exception to the procedural bar. Prior to trial, Defendant, through his counsel, sought permission to take a privately administered polygraph examination. Apparently some of the results of that examination were favorable to Defendant and others were not. His claim that this court exceeded its discretion by acceding to his request allowing him to take a privately administered lie detector examination is wholly without merit. This court's alleged error could not possibly have resulted in any prejudice since the results of that examination were never admitted into evidence. Likewise, the contention about being misled by the prosecutor is without merit. Apparently Defendant had some unilateral hope that if he did well on the test the prosecutor would take that into consideration in connection with any charging decisions or plea negotiations. As the trial judge noted, the prosecutor was never obligated to accept the results of

3

the examination, and apparently the prosecutor chose not to consider the mixed results when deciding to prosecute Defendant. Defendant now attempts to transmute this into some form of "objectionable tactic" by the prosecutor. The purported "tactic" is not even remotely objectionable. Moreover, assuming that some wild flight of imagination could lead to the conclusion this was, the fact remains that Defendant has failed to show how he was prejudiced by it.

Defendant sought appointment of counsel in connection with this Rule 61 motion. He contends that he has a right to counsel under both the Federal Constitution and Rule 61 itself. He is incorrect. It is a common misconception among prisoners that the United States Supreme Courts' decision in *Martinez v. Ryan*[3] extended the Sixth Amendment right to counsel to post-conviction proceedings. But the *Martinez* decision was not grounded on the Sixth Amendment. Rather, "*Martinez* simply held that, as a matter of equity, certain federal habeas corpus petitions from state prisoners would not be subjected to federal procedural bars if the state prisoner was not represented by counsel when the prisoner first sought to challenge the effectiveness of his trial counsel."[4] As the Delaware Supreme Court has found:

> According to [Defendant], the United States Constitution provides a litigant with a right to counsel to present a postconviction petition. [Defendant] suggests that the United States Supreme Court's holding in *Martinez v. Ryan*

---

[3] 132 S. Ct. 1309 (2012).

[4] *State v. Frazier*, 2013 WL 3339406, at *3 (Del.Super. June 19, 2013).

4

supports that broad proposition. But that is not so. To the extent that Harris asks us to innovate, go beyond what *Martinez* holds, and construct an argument he fails to make himself for expanding the circumstances where the federal Constitution requires a state government to provide counsel to a litigant, we decline to do so.[5]

Although Rule 61 itself creates a right to counsel under limited circumstances, those circumstances do not exist here. Rule 61 provides in pertinent part:

> The judge shall appoint counsel for an indigent movant's first ***timely*** postconviction motion and request for appointment of counsel if the motion seeks to set aside: (i) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under *11 Del. C.* § 4205(b); (ii) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a sentence under *11 Del. C.* § 4214(b); or (iii) a sentence of death.[6]

The instant motion has been filed more than one year after Defendant's conviction became final, and therefore it is not "timely."[7] Consequently, Defendant has no *right* to appointed counsel in this matter. Rule 61 vests this court with discretion to appoint counsel in limited circumstances. Assuming, but not deciding, those circumstances are

---

[5] *Harris v. State*, 99 A.3d 227 (Del. 2014) (TABLE) (footnotes omitted).

[6] Super. Ct. Crim. Rule 61 (e)(1) (emphasis added).

[7] Super. Ct. Crim. Rule 61 (i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final"). Rule 61also gives this court discretion to appoint counsel in certain post-conviction matters, but the court finds there is nothing in the instant petition which causes it to exercise its discretion in favor of appointing counsel.

present here, the court declines to exercise its discretion in favor of appointing counsel because of the absence of any arguably meritorious claims in Defendant's motion.

It is therefore ordered that Defendant's request for counsel is **DENIED** and his motion for post conviction relief is **DISMISSED.**

 

 

John A. Parkins, Jr.
Date: November 24, 2014                    Superior Court Judge

 

oc:  Prothonotary

cc:  Leon Powell, SBI 00176898, JTVCC, Smyrna, Delaware
    Joseph S. Grubb, Esquire, Department of Justice, Wilmington, Delaware